UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON R. MAYO,     Plaintiff,

v.     Civil Action No. 3:21-cv-P424-DJH

KENTUCKY DEPARTMENT OF
CORRECTIONS *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Jason R. Mayo, currently a prisoner at Northpoint Training Center (NTC), filed this 42 U.S.C. § 1983 action alleging that he was denied proper medical treatment for a finger injury while housed at Roederer Correctional Complex (RCC), Luther Luckett Correctional Complex (LLCC), and NTC.  The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A (Docket No. 8) in which it dismissed some claims and allowed Plaintiff to file an amended complaint to name Katherine Smith as a Defendant and to name any other individual who did not permit Plaintiff to clean his finger after his April 2020 hand surgery, denied him medical treatment for his finger from June 2020 to September 2020, denied him physical and occupational therapy after his second surgery, and to state specific allegations as to each person's involvement.

Plaintiff has now filed an amended complaint (DN 13) naming Katherine Williams and Katherine Smith, two medical providers at LLCC, as well as Shelly Botaw and Angela Clifford, two medical providers at NTC.  Plaintiff alleges that Defendants Williams and Smith "failed to provide proper medical treatment in cleaning my finger after surgery and further while housing me in an un-sanitized cell in the 'Restricted Housing Unit,' (Segregation), where my hand became infected."  He also asserts that, after a physician ordered that he "'start gentle passive

rehab and active extensive exercise[]'" in May 2020, he received no treatment from June 2020 to September 2020 "while Ms. Smith and Ms. Williams was aware of my condition in regards to my hand and finger."

Plaintiff further alleges that, after he was transferred to NTC, Defendants Botaw and Clifford failed to follow post-operative orders for physical therapy following a second surgery on March 11, 2021.  He states that Defendants Botaw and Clifford "never advised me of the ordered gentle passive rehab or extended exercise . . . ."  He asserts, "So for 9 months-12-9-2021 Ms. Botaw and Clifford never seen me but (1) time and have not seen me since March, 2021, where at that time, they denied me medical treatment on my finger."  He reports that he submitted two sick call slips in December 2021 and that he is now being denied pain medication.  He also states that on December 21, 2021, he saw Defendant Botaw and showed her his infected finger and asked her to clean it and that she did nothing to help him.

Federal Rule of Civil Procedure 20 states in relevant part,

Persons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 661 (2009) (internal quotation marks and cite omitted).

2

After reviewing Plaintiff's amended complaint, the Court concludes that Plaintiff's claims against NTC Defendants Botaw and Clifford do not arise out of the same transaction or occurrence as his claims against LLCC Defendants Williams and Smith.  Although at both locations Plaintiff sought treatment for his finger, his claims arise from the alleged actions or inactions of each individual Defendant at different times, at different locations, and at different stages of treatment.  Additionally, NTC is not located in this judicial district; it is located in the Eastern District of Kentucky

Having concluded that Defendants Botaw and Clifford have been improperly joined, the Court must determine an appropriate remedy.  Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  "The manner in which a trial court handles misjoinder lies within that court's sound discretion."  *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).  As this Court has explained:

> "Rule 21 gives the court discretion to make three types of orders.  The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.'" 4-21 Moore's Federal Practice-Civil § 21.02 (internal quotation omitted). "Severance under Rule 21 results in separate actions." *Id*. at § 21.06. "As with any case in federal court, [the severed action] may be transferred under appropriate circumstances . . . . Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance." *Id*.

*Jones v. Pancake*, No. CIV.A. 3:06CV-P188-H, 2007 U.S. Dist. LEXIS, at *9 (W.D. Ky. Nov. 14, 2007).

After considering the issues and its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's claims against NTC Defendants Botaw and Clifford and then transfer them to the Eastern District of Kentucky, the

3

judicial district in which NTC is located, see 28 U.S.C. § 97(a), and where venue over the claims is most appropriate. See 28 U.S.C. § 1404(a).

For the foregoing reasons, it is hereby

**ORDERED** that the claims against Defendants Botaw and Clifford are **SEVERED.**

The Clerk of Court is **DIRECTED** to **terminate** Defendants Botaw and Clifford as parties to this action.

Pursuant to Rule 21, the Clerk of Court is **DIRECTED** to open a new civil action with the amended complaint (DN 13) as the complaint and Defendants Botaw and Clifford as Defendants in the new action. The instant Memorandum and Order shall be docketed in the new action.

The Clerk of the Court is **FURTHER DIRECTED** to **TRANSFER** the newly opened action to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington.

Date: March 21, 2022

David J. Hale, Judge
United States District Court

cc: Plaintiff, pro se
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
    Clerk, EDKY, Central Division at Lexington
4415.010